UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE VAN OSTEN,<br><br>         Plaintiff,<br><br>v.<br><br>HOME DEPOT, U.S.A., INC.,<br><br>         Defendant. | Case No.: 19CV2106 CAB (BGS)<br><br>**ORDER REGARDING PLAINTIFF'S DEPOSITION** |

**I.  INTRODUCTION**

On October 23, 2020, the parties submitted a Joint Letter Brief to raise a discovery dispute regarding the completion of Plaintiff Denise Van Osten's deposition. (Ex. 1.) Defendant Home Depot seeks an order compelling Plaintiff to appear for the completion of her deposition, monetary sanctions against Plaintiff and her counsel, and an extension of fact discovery to allow Defendant to complete Plaintiff's deposition.[1]  (*Id.* at 2-3.)

---

[1] The Court acknowledges that Defendant requests to more fully brief the issue. However, Plaintiff's deposition was originally noticed for March 10, 2020, (ECF 34 at 4) and as detailed below, did not even occur for the first session until June 10, 2020.  It has already required four different sessions encompassing eleven hours.  The Court declines to delay the completion of Plaintiff's deposition even further with briefing prior to completion of her deposition unless one of the parties fails to follow the Court's direction

Plaintiff argues sanctions are not warranted, that Plaintiff has cooperated and responded to Defendant's questions, and that Plaintiff has not refused to sit for a fifth deposition session but requests limitations on the time and scope of the deposition.

## II.    BACKGROUND[2]

The parties first attempted Plaintiff's deposition on June 10, 2020, but it was suspended because of a dispute about it being recorded.  (ECF 38 [Joint Motion to Extend Fact Discovery] at 5 (citing Decl. of Amber M. Solano ¶ 18).)  The Court ordered the parties to meet and confer to attempt to resolve the dispute and set a deadline to file a joint statement if they could not.  (ECF 33.)  A joint statement was not filed, and the next session of Plaintiff's deposition proceeded on June 15, 2020.  (*Id.* at 5-6 (citing Solano Decl. ¶ 20).)  This session of the deposition was five hours and thirty minutes.  (*Id.* at 5-6 (citing Decl. of Amber M. Solano ("Solona Decl.") ¶ 20.)  A third session of Plaintiff's deposition was held on August 3, 2020.  This deposition ended at 2:00 p.m. to allow Plaintiff to take medication.  After this session of Plaintiff's deposition, Defendant's counsel contacted Plaintiff's counsel and indicated she believed Plaintiff's deposition could be completed in two hours if Plaintiff provided responsive answers and Plaintiff's counsel refrained from speaking objections.  (ECF 38 at 7 (citing Solano Decl. ¶ 26.)  Plaintiff's counsel agreed.  (*Id.*)  Plaintiff was deposed a fourth time on September 18, 2020.  (Ex. 1 at 2.)

---

within this Order.  This conclusion does not necessarily preclude Defendant from pursing sanctions for prior deposition conduct as identified in the Joint Letter Brief or for conduct during the session the Court is ordering here.  However, given fact discovery closed on August 7, 2020 for everything except Plaintiff's deposition and Plaintiff is not refusing to sit for an additional session, the Court finds the most expedient path to order the deposition be completed as indicated here without further delay.

[2] The following background on the numerous sessions of Plaintiff's deposition is drawn from the parties' Joint Letter Brief and the parties' most recent Joint Motion to Extend Fact Discovery to allow for the completion of Plaintiff's deposition.

2

## III. DISCUSSION

### A. Legal Standards

Under Federal Rule of Civil Procedure 30(d)(1), "a deposition is limited to one day of 7 hours." However, "[t]he court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes for delays the examination." Fed. R. Civ. P. 30(d)(1).

Objections during deposition "must be stated concisely in a nonargumentative and nonsuggestive manner." Fed. R. Civ. P. 30(c)(2). "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." *Id.* Rule 30(d)(3) in turn provides that a deponent "may move to terminate or limit [a deposition] on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." And, the Court "may order that the deposition be terminated or may limit its scope and manner as provided in Rule 26(c)." Rule 30(d)(3)(B).

### B. Parties Positions

Defendant, acknowledging that a deposition is generally limited to seven hours, seeks additional time for Plaintiff's deposition because of "Plaintiff's non-responsive answers and Plaintiff's counsel's speaking objections and other inappropriate comments." (*Id.* at 3.) Plaintiff has not refused to sit for an additional deposition, but "requests that the scope and time limit and exhibits be defined in writing ahead of time to minimize the emotional distress put on the Plaintiff and to avoid harassment and duplicate questions." (*Id.* at 4.)

There are a few points of contention between the parties. Plaintiff indicates the third session was four hours long and the fourth was more than the two hours. (Ex. 1 at 3.) This is of some significance because when combined with the five and half hour second session, Plaintiff has been deposed collectively for more than eleven hours.

3

However, Defendant argues the third session, along with the first and fourth, were unproductive because of Plaintiff's numerous non-responsive answers and Plaintiff's counsel's speaking objections, comments, and argument on the record. (Ex. 1 at 2.) As to the most recent fourth session that was almost two and a half hours, Defendant indicates that Plaintiff's counsel "wasted 37 minutes . . . with his speaking objections and inappropriate comments that prevented Home Depot from completing the deposition." (*Id.* at 3.)

The parties also dispute whether Defendant's counsel agreed to limit Plaintiff's final deposition session to a particular topic, Plaintiff's wage and hour claims. There does not appear to be any dispute about the time frame.[3] However, Plaintiff asserts that the agreement to sit for another deposition session was contingent on Defendant's counsel's representation that the subject matter of the deposition would be limited to Plaintiff's wage claims and the length would not exceed two hours. (Ex. 1 at 2.) Defendant's counsel disputes this and argues if that were the case it would have been included in the parties' joint motion to continue fact discovery to complete Plaintiff's deposition. (*Id.*) Defendant accurately notes that this topic limitation was not included in the Joint Motion to Extend Fact Discovery. (ECF 38.)

The parties also seem to dispute the basis for Plaintiff's counsel's termination of Plaintiff's last deposition session. Defendant indicates that Plaintiff's counsel terminated the deposition after Defendant's counsel attempted to obtain testimony regarding photographs produced by Plaintiff in discovery. (Ex. 1 at 2.) Defendant asserts that Plaintiff took the position the pictures were not legible. (*Id.*) Plaintiff's counsel does not

---

[3] The parties' Joint Motion to Extend Fact Discovery, signed by counsel for both parties, reflects the parties agreed that if Plaintiff provided responsive answers and Plaintiff's counsel refrained from speaking objections, the deposition could be completed in two hours. (ECF 38 at 7.) Their Joint Letter Brief does not dispute this agreement. (Ex. 1-2, 4.)

4

dispute this, but indicates that Defendant's counsel went beyond the scope and length agreed to and Plaintiff participated from 10:06 a.m. to 12:31 p.m. (*Id.* at 4.)

The parties' summary of their meet a confer efforts regarding an additional deposition session reflects Plaintiff's position for Defendant's counsel to identify the topics to be covered, time needed to complete the deposition, and that Defendant's counsel send any exhibits it intends to use in advance to avoid wasting time emailing and printing exhibits. (Ex. 1 at 2.) Defendant indicated that it could not provide a time estimate because Plaintiff continues to provide non-responsive answers and Plaintiff's counsel continues with speaking objections and improper dialogue which delay the deposition. (*Id.*) The Joint Letter Brief specifically indicates that Defendant's counsel asked Plaintiff's counsel "to agree to stop with the unnecessary dialogue/speaking objections, and he refused." (*Id.*) Defendant's counsel also indicated that it "would not ask questions previously asked of Plaintiff," but that Defendant needs to ask questions regarding documents Plaintiff produced in discovery. (*Id.*) And, as to the emailing of exhibits, Defendant indicates that this process has been successfully utilized for seven other depositions.

### C. Analysis

First, the Court finds that Plaintiff's deposition may exceed the one day seven-hour limit given the breadth of the allegations and claims and the number of times Plaintiff's depositions have been cut short. Second, the Court orders Plaintiff to sit for an additional session to complete her deposition after the close of fact discovery. Although Plaintiff argues the depositions are very hard for Plaintiff, Plaintiff does not dispute Defendant's claims that Plaintiff's depositions have been delayed by non-responsive answers and Plaintiff's counsel speaking objections and improper dialogue. Defendant should not be precluded from questioning Plaintiff on topics that could not be reached or regarding documents produced in discovery because too much time was consumed by Plaintiff's counsel.

The Court declines to require Defendant's counsel to identify the topics and set a specific time frame in advance. Although Plaintiff's counsel indicates being deposed is very difficult on Plaintiff emotionally, Plaintiff has not identified any basis to limit the deposition as to topic or require the provision of exhibits in advance. As to the request to limit the time, the Court would agree that it is challenging to set a time limit without knowing how much time will be consumed by Plaintiff's counsel's objections. However, Defendant indicates that it will "not ask questions previously asked of Plaintiff." (Ex. 1 at 2.) The Court will hold Defendant to this to the extent Plaintiff was responsive to the question(s). Defendant should not revisit topics already covered unless Plaintiff was non responsive to specific questions within that topic or because it is related to questioning Plaintiff about documents produced in discovery that Defendant has not previously been able to question Plaintiff about. This is not an opportunity to redo Plaintiff deposition. It should be limited to relevant topics not previously addressed unless some topic needs to be revisited for a specific reason. Importantly, Plaintiff is not to delay the deposition by making objections as regards these guidelines. The Court deems them preserved for any post-deposition motions Plaintiff wants to bring.

As to Plaintiff's counsel's conduct during the deposition, the Court finds limitations are appropriate to be sure Plaintiff's deposition is not delayed even further. As one court explained, "depositions are to be limited to what they were and are intended to be: question-and-answer sessions between a lawyer and a witness aimed at uncovering the facts in a lawsuit. When a deposition becomes something other than that because of the strategic interruptions, suggestions, statements, and arguments of counsel, it not only becomes unnecessarily long, but it ceases to serve the purpose of the Federal Rules of Civil Procedure." *Hall v. Clifton Precision*, 150 F.R.D. 525, 531 (E.D. Penn. 1993).

Accordingly, "the following '*Clifton* Order' shall set forth limitations on the conduct of the participants at the deposition to eliminate further inappropriate conduct." *Vestin Realty Mortgage. II, Inc. v. Klass*, Civil No. 08cv2011 LAB (AJB), 2010 WL

6

4259946, *3 (S.D. Cal. Oct. 25, 2010) (citing *Clifton Precision*, 150 F.R.D. 525). Plaintiff's deposition will comply with the following:

> a. At the beginning of the deposition, deposing counsel shall instruct the witness to ask deposing counsel, rather than the witness' own counsel, for clarifications, definitions, or explanations of any words, questions, or documents presented during the course of the deposition. The witness shall abide by these instructions.
> b. All objections, except those which would be waived if not made at the deposition under Federal Rule of Civil Procedure 32(d)(3)(B), and those necessary to assert a privilege, to enforce a limitation on evidence directed by the court, or to present a motion pursuant to Federal Rule of Civil Procedure 30(d), shall be preserved. Therefore, those objections need not and shall not be made during the course of depositions.
> c. Counsel shall not direct or request that a witness not answer a question, unless that counsel has objected to the question on the ground that the answer is protected by a privilege or a limitation on evidence directed by the court.
> d. Counsel shall not make objections or statements which might suggest an answer to a witness. Counsel's statements when making objections should be succinct and verbally economical, stating the basis of the objection and nothing more.
> . . .
> h. Deposing counsel shall provide to the witness' counsel a copy of all documents shown to the witness during the deposition. The copies shall be provided either before the deposition begins or contemporaneously with the showing of each document to the witness. The witness and witness' counsel do not have the right to discuss documents privately before the witness answers questions about them.
> i. Depositions shall otherwise be conducted in compliance with the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

*Id.* at 4.  Given these limitations on the scope of Plaintiff's counsel's allowable speaking objections and limiting Defendant's counsel's questioning primarily to new uncovered topics and documents Plaintiff has not previously been questioned about, the Court expects this deposition can be completed within two to three hours.  However, the Court also expects that the deposition should be completed.  The record before the Court reflects that Plaintiff's deposition has been terminated too many times.  Any relief for

7

exceeding this time limit should be raised after it is completed.  Further, Plaintiff cannot terminate the deposition before completion unless she first obtains the Court's approval.

## IV. CONCLUSION

The Court already ordered the parties to meet and confer prior to November 3, 2020 to determine a date on or before November 16, 2020 when Plaintiff's deposition can be completed.  Plaintiff's final deposition session shall proceed on the date agreed subject to the limitations imposed in this Order.

**IT IS SO ORDERED.**

Dated:  November 3, 2020

Hon. Bernard G. Skomal
United States Magistrate Judge

**Exhibit 1**

ATKINSON, ANDELSON, LOYA, RUUD & ROMO

A PROFESSIONAL LAW CORPORATION

ATTORNEYS AT LAW

FRESNO
(559) 225-6700

IRVINE
(949) 453-4260

MARIN
(628) 234-6200

PASADENA
(626) 583-8600

12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
(562) 653-3200 • (714) 826-5480

FAX (562) 653-3333
WWW.AALRR.COM

PLEASANTON
(925) 227-9200

RIVERSIDE
(951) 683-1122

SACRAMENTO
(916) 923-1200

SAN DIEGO
(858) 485-9526

OUR FILE NUMBER:
015428.00033
30004229.1

October 23, 2020

Hon. Bernard G. Skomal
United States District Courthouse
333 West Broadway
San Diego, CA 92101

**Re:    Denise Van Osten v. Home Depot, USDC Case No. 3:19-cv-02106-CAB-BGS**

Plaintiff Denise Van Osten ("Plaintiff") and Defendant Home Depot U.S.A., Inc. ("Home Depot") hereby submit the following joint letter brief regarding a discovery dispute involving Home Depot's request to complete Plaintiff's deposition.

**I.    JOINT TIMELINE OF DISPUTE**

On June 10, 2020, Home Depot took the first session of Plaintiff's deposition. However, at the start of the deposition, a dispute arose regarding Home Depot's attempt to record the deposition by video, and the deposition was suspended.

On June 15, 2020, Home Depot proceeded with the second session of Plaintiff's deposition. Home Depot was unable to complete Plaintiff's deposition, despite its diligent efforts, due to the numerous allegations asserted in Plaintiff's 45-page Complaint. Plaintiff agreed to appear for a third session of deposition.

On June 19, 2020, Home Depot's lead counsel, Amber M. Solano, learned that her father passed away unexpectedly, requiring Ms. Solano to travel to Colorado for three weeks. As a result, on June 25, 2020, upon the parties' joint motion, the Court issued an order continuing the fact discovery cut-off from July 8 to August 7, 2020, among other deadlines.

On August 3, 2020, Plaintiff appeared for the third continuation of her deposition. However, the deposition ended early at 2:00 p.m. to allow Plaintiff to take medication.

On August 25, 2020, Home Depot informed Plaintiff that it could complete Plaintiff's deposition in two hours if: (1) Plaintiff provided responsive answers to the questions; and (2) counsel refrained from speaking objections. The parties agreed to file a joint motion to extend the fact discovery cut-off to complete Plaintiff's deposition on September 18, 2020. It is Plaintiff's

ATKINSON, ANDELSON, LOYA, RUUD & ROMO

Hon. Bernard Skomal
October 23, 2020
Page 2

position that the agreement to sit for another deposition was contingent on the representation of Home Depot's counsel that subject matter of the deposition was to be Plaintiff's wage claims, and the length of time would not exceed two hours. Home Depot disputes this and directs the Court to the Parties' joint motion which does not support Plaintiff's position.

On September 4, 2020, upon the parties' joint motion, the Court extended the fact discovery cut-off from August 7 to September 18, 2020, but only for purposes of completing Plaintiff's deposition.

On September 18, 2020, Plaintiff appeared for the fourth continuation of her deposition. However, a dispute arose as to the length and scope of the deposition examination and, Plaintiff terminated the deposition after Home Depot's counsel attempted to obtain testimony regarding photographs Plaintiff produced in discovery. It is Plaintiff's position the pictures were not legible. Consequently, Home Depot was unable to complete Plaintiff's deposition as planned.

The parties met and conferred regarding Home Depot's request for Plaintiff to appear for another session of deposition so that Home Depot could complete the deposition. Plaintiff's counsel requested that Home Depot's counsel identify the specific topics Home Depot needs additional time to cover, the amount of time needed to complete Plaintiff's deposition, and asked Home Depot's counsel to send any exhibits it intended to use ahead of time so deposition time is not wasted emailing and printing exhibits . Home Depot's counsel explained it was difficult to provide a time estimate because Plaintiff continues to provide non-responsive answers and Kevin Mirch continues with speaking objections and improper dialogue which delays Home Depot's ability to complete the deposition. Home Depot asked Kevin Mirch to agree to stop with the unnecessary dialogue/speaking objections, and he refused. Home Depot also informed Plaintiff that it needed to ask questions regarding documents that Plaintiff produced in discovery and would not ask questions previously asked of Plaintiff. Home Depot also reminded Plaintiff that the manner in which it provides exhibits (e.g., by email) is the manner in which Plaintiff insisted and has been used without issue in at least seven other depositions conducted in the case. The parties did not reach an agreement.

II.     **HOME DEPOT'S POSITION**

Home Depot is seeking an Order compelling Plaintiff to appear for the completion of her deposition, imposing monetary sanctions against Plaintiff and Plaintiff's counsel; and extending the fact discovery so that Home Depot may complete Plaintiff's deposition.

With the exception of Plaintiff's second deposition session on August 3 during which Home Depot obtained approximately five hours of testimony, the first, third and fourth deposition sessions were unproductive due to Plaintiff's numerous non-responsive answers to deposition questions and Plaintiff's counsel's countless speaking objections and other opinion-driven comments and argument on the record that have unnecessarily prolonged Plaintiff's deposition. While Home Depot intended to complete Plaintiff's deposition on Septenber 18, 2020, it was

ATKINSON, ANDELSON, LOYA, RUUD & ROMO

Hon. Bernard Skomal
October 23, 2020
Page 3

prevented from doing so when Plaintiff's counsel unilaterally stopped the deposition when Home Depot presented pictures that Plaintiff produced in discovery and attempted to ask questions.

Home Depot has exercised due diligence in meeting the deadlines of the Court's scheduling order but has been unable to complete Plaintiff's deposition because Plaintiff and her counsel have impeded and frustrated Home Depot's ability to obtain a fair examination and unnecessarily prolonged the examinations. Home Depot will be severely prejudiced if it is not allowed to complete Plaintiff's deposition. Plaintiff asserted 13 claims for relief against Home Depot spanning eight years of Plaintiff's employment from 2010 through 2017. If Home Depot is not allowed to complete Plaintiff's deposition, Home Depot will be deprived of essential discovery that is necessary to defend against Plaintiff's claims and adequately prepare for trial. Further, a brief continuance of the fact discovery cut-off date to allow Home Depot to complete Plaintiff's deposition will not prejudice the parties and will not impact the other dates in the Scheduling Order.

Additionally, the seven-hour limit for a deposition is not absolute. Unless otherwise stipulated or ordered by the Court, a deposition is limited to 1 day of 7 hours. (F.R.C.P. Rule 30(d).) The time period includes only time spent examining the witness. (*United States ex rel. Baltazar v. Warden*, 302 F.R.D. 256, 267 (N.D. Ill. 2014.) However, a party may file a motion to extend the seven-hour limit for specified depositions. (See *JTR Enterprises, LLC v. An Unknown Quantity of Columbian Emeralds, Amethysts and Quartz Crystals*, 297 F.R.D. 522, 531-532 (S.D. Fla. 2013).) The Court must allow additional time if needed to fairly examine the deponent or the deponent, another person, or any other circumstance delays or impedes the examination. (F.R.C.P. Rule 30(d); *Republic of Turkey v. Christie's, Inc.*, 326 F.R.D., 402, 405.) Examples of situations in which an extended deposition would be warranted include: examinations covering long periods of time or numerous and/or lengthy documents, and depositions in which improper objections or other conduct by deponents and/or deponent's counsel has impeded the deposition. (140 *Kleppinger v. Texas Dept. of Transp.*, 283 F.R.D. 330, 333 (S.D. Tex. 2012).)

Here, Home Depot requests the opportunity to fully brief this issue so that it can provide to the Court excerpts from the transcripts regarding Plaintiff's non-responsive answers and Plaintiff's counsel's speaking objections and other inappropriate comments to demonstrate why additional time for Plaintiff's deposition is necessary. Plaintiff's allegations that Home Depot agreed to limit the last session of deposition to wage and hour claims is false. Further, Kevin Mirch wasted 37 minutes at the last deposition with his speaking objections and inappropriate comments that prevented Home Depot from completing the deposition.

**III.   PLAINTIFF'S POSITION**

Plaintiff has appeared for a deposition and answered questions five times. The first day was cut short because of a dispute about videotaping the deposition. That issue was resolved and Plaintiff appeared for a full second day examination on June 15, 2020. The third setting was on August 3, 2020. Plaintiff was deposed from 10:04 a.m. and the deposition concluded at 2:06

ATKINSON, ANDELSON, LOYA, RUUD & ROMO

Hon. Bernard Skomal
October 23, 2020
Page 4

p.m. because Plaintiff needed to take medication that she did not have with her. The interrogation during the deposition is very difficult on the Plaintiff emotionally. Prior to the last deposition, when Home Depot's counsel asked for a fifth session, Home Depot's counsel represented that she intended to question Plaintiff about her wage claims and that it should take about two hours. Plaintiff agreed with the understanding that the scope and length of the deposition would be as represented. Home Depot's counsel went beyond the scope, but nonetheless, Plaintiff participated from 10:06 am to 12:31 p.m. Sanctions are not warranted. Plaintiff has not refused to sit for a sixth deposition session, she has cooperated and responded to Home Depot's questions during each deposition. However, Plaintiff requests that the scope and time limit and exhibits be defined in writing ahead of time to minimize the emotional distress put on the Plaintiff and to avoid harassment and duplicate questions.

Sincerely,

/s/ Marie Mirch                                    /s/ Amber M. Solano

Counsel for Plaintiff                              Counsel for Defendant