UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE VAN OSTEN,<br><br>                          Plaintiff,<br>v.<br>HOME DEPOT, U.S.A., INC.,<br><br>                        Defendant. | Case No.: 19CV2106 CAB (BGS)<br><br>**ORDER ON DISCOVERY DISPUTE**<br><br>[ECF 48] |

## I.     INTRODUCTION

Pursuant to the Court's briefing Order (Doc. 47) Defendant Home Depot filed a motion to exclude Plaintiff's expert witnesses. Plaintiff Denise Van Osten did not file a motion based on any of the issues identified in the parties' letters. (Doc. 47 at 5 n.6). The Plaintiff filed a response to Defendant's motion. (Doc. 48).[1]

## II.    STANDARD OF REVIEW

If a party fails to make the required disclosures under Rule 26(a), *i.e.* expert witness designations/disclosures, the party generally will not be permitted to use the information not properly provided unless the failure was substantially justified or harmless. *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir.

---

[1] The Court will not summarize the parties' arguments, rather will address them in its Analysis section of this Order.

19CV2106 CAB (BGS)

2001); Fed. R. Civ. P. 37(c).  The exclusion of witnesses not properly disclosed is automatic, unless one of the two exceptions can be shown.  Steven Baicker–McKee, et al., *Fed. Civil Rules Handbook* 976-78 (Thomas West 2016).

Federal Rule of Civil Procedure 37(c) sets forth the consequences for failing to "provide information or identify a witness as required by Rule 26(a)."  Fed. R. Civ. P. 37(c)(1).  Pursuant to Rule 37(c)(1), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  (*Id.*)  The purpose of the "harmless" provision is "to avoid unduly harsh penalties in a variety of situations."  Rule 37, Adv. Comm. Notes to 1993 amend.  The exclusion sanction is "self-executing" and "automatic." *Yeti by Molly Ltd.*, 259 F.3d at 1106 (referencing the Advisory Committee's Notes to Rule 37(c)(1) (1993 Amendments)).  However, "[t]wo express exceptions ameliorate the harshness of Rule 37(c)(1): The information may be introduced if the party can prove that its failure to disclose the required information is substantially justified or harmless."  *Id*. at 1106–07 ("Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness.")

The Ninth Circuit "give[s] particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." *Id.*  The following factors are used to guide the court's discretion: "1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the defendants; 4) the public policy favoring disposition of cases on their merits; 5) the availability of less drastic sanctions."  *Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997).

### III. ANALYSIS

#### A. Amapola Martin: Non-Retained Expert

On September 4, 2020, pursuant to the Court's scheduling order the parties served their expert witness lists.  Plaintiff listed Amapola Martin ("Martin") as a non-retained expert.  In its Motion, the Defendant argues that Plaintiff failed to comply with Federal

2

Rule of Civil Procedure 26(a)(2)(C) because she failed to provide the facts and opinions that Martin will offer as an expert witness.

Rule 26(a)(2)(C) applies to witnesses who do not have to provide a written report as required under (a)(2)(B). However, the witness must disclose the subject matter on which the witness is expected to give evidence under Federal Rules of Evidence 702, 703, or 705 and a summary of the facts and opinions to which the witness is expected to testify.

According to the Defendant, Plaintiff only disclosed that she had worked for Home Depot for nearly 30 years and has personal and expert knowledge of Home Depot's policies and procedures and working with the Fairmont Store. (Doc. 48 at 3; *see e.g.* Doc. 50 at 8).

Plaintiff contends that Martin is a fact witness and properly listed as a non-retained expert.[2] She argues that Defendant's dispute was not timely raised under this Court's 30-day chambers rule. (Doc. 50 at 8-9). Plaintiff does not otherwise address whether she complied with the requirement under (a)(2)(C) to provide a summary of the facts and opinions to which the Martin is expected to testify.[3]

Plaintiff in her Expert Witness List described Martin as follows: "Ms. Martin worked for Home Depot for nearly 30 years, her final position was as an ASDS. Martin has personal and expert knowledge of Home Depot's policies and procedures and working at the Fairmont store." (Doc. 49-1 at 34).

///

---

[2] The Defendant does not contest whether Plaintiff properly identified Martin as a 26(a)(2)(C) expert as opposed to (a)(2)(B) expert, which would require a written report. Therefore, the Court will not address this issue.

[3] Regarding the waiver issue, the Court finds it was not properly raised as directed by the Court. (*See* Doc. 47 at 5, n.6). The Court will address the merits of Defendant's motion as to Martin.

The Court finds this description inadequate under 26(a)(2)(C) because it fails to provide a summary of the facts and opinions to which the witness is expected to testify. However, the Court will exercise its discretion and not exclude her report and testimony. Instead, the Court orders Plaintiff to provide the Defendant a summary of the facts and opinions to which she is expected to testify by **December 30, 2020**. Given this remedy, the Court further finds the Defendant will not be prejudiced. Defendant argued it would be prejudiced in preparing for her deposition, but because it will have this information prior to her deposition there is no prejudice. (*See* Doc. 48 at 9).

### B. John Czechowicz: Retained Expert

On September 4, 2020, pursuant to the Court's Scheduling Order, Plaintiff designated Mr. Czechowicz, CPA as her retained expert who will testify to her economic damages. (Doc. 50 at 4; *see also* Doc. 49-1 at 34). In the same expert witness list the Plaintiff reserved the right to designate Rebuttal Expert witnesses. (*Id.*) On October 16, 2020, the date by which to serve expert disclosures, the Plaintiff did not serve any expert disclosures. The Defendant submitted an expert report of its retained CPA Mr. Bergmark. (Doc. 48 at 3). On October 30, 2020, the last date to serve rebuttal expert disclosures, the Plaintiff disclosed Mr. Czechowicz, CPA as her expert witness to present evidence and testimony at trial under Federal Rules of Evidence 702, 703, or 705. These disclosures are made under Rule 26(a). (Doc. 49-1 at 139). She further indicated that Mr. Czechowicz will testify as to damages and rebut the expert opinion of Brian Bergmark, CPA. (*Id.* at 140).

Defendant brings this motion to exclude the testimony of Mr. Czechowicz because the report submitted by Plaintiff is clearly not a rebuttal report, but an attempt by Plaintiff to circumvent her failure to timely serve Mr. Czechowicz's opinion report by the October 16, 2020 deadline. (Doc. 48 at 10-11). The issue here is whether the report served by Plaintiff is a rebuttal report or an end run around the requirements of Rule 26(a)(2)(B) to provide a written report.

///

Plaintiff claims that her disclosure of Mr. Czechowicz as her rebuttal expert was timely and compliant with Rule 26(a)(2)(B). (Doc. 50 at 5). He was retained to rebut Mr. Bergmark's opinion of Plaintiff's economic damages. (*Id.* at 7). She further indicates that Mr. Czechowicz will supplement his report after review of documents provided by Defendant. (*Id.* at 9).

Initially the Court addresses Plaintiff's indication that she will supplement Mr. Czechowicz's report upon his review of documents that were provided to Defendant's expert. (Doc. 50 at 9). Supplemental opinions are required under Rule 26(e)(1) in only three situations: 1) upon court order; 2) when the party learns that the earlier information is inaccurate or incomplete; or 3) when answers to discovery requests are inaccurate or incomplete. If the information in the supplemental disclosure is supposed to be "rebuttal evidence," then in order to comply with the Rules it had to be submitted within the bounds of Rule 26, which in this case was October 30, 2020.

It is apparent to the Court that what Plaintiff refers to as a supplemental report is in reality rebuttal evidence. Therefore, Plaintiff would have to move the Court for an order allowing Plaintiff to file what is otherwise an untimely second rebuttal report. This issue is not before the Court. The only issue is whether or not Mr. Czechowicz's expert report is rebuttal, or one that should have been disclosed on October 16, 2020 as an expert report.

The Court also notes that Plaintiff's Expert Designation about Mr. Czechowicz describes him as an expert witness to present evidence and testimony at trial under Federal Rules of Evidence 702, 703, or 705.[4] (Doc. 49-1 at 139). Plaintiff then indicates

---

[4] The standard cited applies to witnesses who do not provide written reports. *See* Rule 26(a)(2)(C)(i). Section (a)(2)(B) requires the report:
> contain (i) a complete statement of all opinions the witness will express and the basis and reasons for them;(ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support

that Mr. Czechowicz will testify as to damages suffered by the plaintiff and rebut the expert opinions of Brian Bergmark, CPA. (*Id.* at 140). The point here is that Plaintiff puts both hats on Mr. Czechowicz, one that identifies him as her expert and the other as her rebuttal expert. Although in her response she claims he only wears the rebuttal witness hat, her Expert Designation says otherwise. However, for purposes of this dispute, the Court will address whether Mr. Czechowicz's expert report qualifies as rebuttal.

"Under Rule 26(a)(2)(D)(ii), an expert report qualifies as a rebuttal report if it 'is intended solely to contradict or rebut evidence on the same subject matter identified' by the opposing party's expert report." *Glass Dimensions, Inc. ex rel. Glass Dimensions, Inc. Profit Sharing Plan & Tr. v. State St. Bank & Tr. Co.*, 290 F.R.D. 11, 16 (D. Mass. 2013). "A rebuttal expert may cite new evidence and data so long as the new evidence and data is offered to directly contradict or rebut the opposing party's expert" report. *Id.*; *see Lindner v. Meadow Gold Dairies, Inc.,* 249 F.R.D. 625, 636 (D. Haw. 2008)("Reports are proper rebuttal reports if they contradict or rebut the subject matter of the Yost May 2007 Report and the Closure Report"); *Biomet Orthopedics, Inc. v. Tact Med. Instruments, Inc.,* No. 3:01 CV 895 PS, 2004 WL 5499504, at *2 (N.D. Ind. Apr. 7, 2004) ("First, while it is true Dr. Keegan's supplemental report does not mention Mr. Sims or his expert report, there is no requirement that Dr. Keegan mention Mr. Sims by name when offering opinions to contradict or rebut those offered by Mr. Sims."); *Donell v. Fidelity Nat'l Title Agency of Nev.,* No. 2:07-cv-00001, 2012 WL 170990, at *4 (D. Nev. Jan. 20, 2012) ("[I]t is clear that Brooks was always intended to testify as an initial

---

them;(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

expert witness for the Plaintiff. Plaintiff failed to designate him as an initial expert and is now improperly attempting to use him as a rebuttal expert to obtain an extension of the deadline for designating an initial expert.").

In this case, Defendant timely submitted a 20-page report by Brian Bergmark. (Doc. 49-1 at 101-121). According to the Defendant, Mr. Bergmark will testify regarding the economic losses, if any, that Plaintiff sustained or will incur, as well as the reasonableness of her efforts to mitigate these economic losses. (Doc. 49-1 at 39). In his report, Mr. Bergmark calculated lost earnings and benefits from July 25, 2017 to February 20, 2018. (*Id.* at 107). He also did a detailed analysis of offset earnings and benefits. (*Id.* at 108).

Plaintiff submitted Mr. Czechowicz's Expert Report in which he gave the following expert opinion, "I have calculated Denise Van Osten's actual and projected loss salary and bonuses from Home Depot as set forth in Appendix B…." (Doc. 49-1 at 143-144). Appendix B is a table that calculates lost salary and bonuses from 2017-2023 based on income history. (*Id.* at 145).

The Court first notes that regardless of it being a rebuttal report, in itself it fails to comply with the disclosure requirements of Rule 26(a)(2)(B)(i-iii). It does not contain a complete statement of all opinions the witness will express and the basis and reasons for them; the facts or data considered by the witness in forming them; any exhibits that will be used to summarize or support them.

Secondly, although both expert submissions address the same subject matter of economic losses, it appears to the Court that Mr. Czechowicz's report does not directly contradict and explain material issues found in Mr. Bergmark's analysis. For instance, Mr. Bergmark limits Plaintiff's time frame for lost income and benefits to February 20, 2018, while Mr. Czechowicz extends the time frame to 2023. However, Mr. Czechowicz does not provide his basis and reasons as to why Mr. Bergmark's time frame is incorrect. Further, Mr. Bergmark analyzes offset earnings and benefits which are contained in a schedule. Mr. Czechowicz does not even address this topic, much less explain why Mr.

Bergmark's offsets are incorrect. In sum, the Court finds Mr. Czechowicz's report does not qualify as a rebuttal report either.

At this stage of the proceedings, the Court is not inclined to exclude Mr. Czechowicz's testimony. Instead Plaintiff will submit only a rebuttal report by Mr. Czechowicz specifically addressing how his opinion rebuts Mr. Bergmark's. *See United States v. Lamoreaux,* 422 F.3d 750, 755 (8th Cir.2005)(rebuttal testimony must "explain, repel, counteract, or disprove evidence of the adverse party." (internal quotation omitted); *see also Peals v. Terre Haute Police Dep't,* 535 F.3d 621, 630 (7th Cir.2008) ("The proper function of rebuttal evidence is to contradict, impeach, or defuse the impact of evidence offered by an adverse party.") (internal quotation omitted). The rebuttal report is to meet the requirements of Rule 26(a)(2)(B)(i-iii). The Plaintiff is to submit her rebuttal report by **January 4, 2021.** Given this Order, the Court finds that Defendant will not be prejudiced.

### C. Depositions of Ms. Martin and Mr. Czechowicz

In order to avoid prejudice to the Defendant and given Plaintiff's willingness to produce the witnesses for deposition. (Doc. 50 at 9), the Court will allow both depositions to take place at a time and place convenient for the parties. Parties must meet and confer by **December 23, 2020** to schedule both depositions. Absent good cause, the depositions must be completed by **January 21, 2020**. If the parties cannot agree on dates for these depositions, they must contact the Court by **January 6, 2021**.

If the extension of the time to complete these depositions requires modification of other deadlines in the Scheduling Order, the parties must follow the Chambers Rules to seek modification of the Scheduling Order. (Chambers Rules, Section III.C.)

### IV. CONCLUSION

Defendant's Motion is **GRANTED in part** as set forth above.

Dated:  December 17, 2020

Hon. Bernard G. Skomal
United States Magistrate Judge