1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                      SOUTHERN DISTRICT OF CALIFORNIA

10

11   DENISE VAN OSTEN,                        Case No.:  19CV2106 TWR (BGS)

12                             Plaintiff,     **ORDER:**
                                              **(1) GRANTING IN PART AND**
13   v.                                       **DENYING IN PART MOTION**
                                              **FOR RECONSIDERATION**
14   HOME DEPOT, U.S.A., INC.,                **(2) TO SEAL IDENTIFIED**
                                              **FILINGS**
15                             Defendant.

16

17                                            [ECF 75]

18

19

20   **I.     INTRODUCTION**

21          Plaintiff Denise Van Osten has filed "Plaintiff's Motion to Reconsider re:

22   Objection to Magistrates Order and Magistrate's Order Re Plaintiff's Deposition"

23   (hereinafter "Motion for Reconsideration"). (ECF 75.)  The Court set a deadline for

24   Defendant Home Depot, U.S.A., Inc. to file a response to Plaintiff's Motion for

25   Reconsideration.  (ECF 76.)  Defendant timely filed an Opposition to it with evidentiary

26   objections to the declaration submitted in support of the Motion for Reconsideration.

27   (ECF 77 (Opposition), 78 (Evidentiary Objections.)  Plaintiff then filed a Reply to which

28   Defendant Objected.  (ECF 79 (Reply), 82 (Objection.))  Having considered all the

                                            1

parties' briefing, Plaintiff's Motion for Reconsideration is **GRANTED in part and DENIED in part** for the reasons set forth below.

## II.    BACKGROUND

Plaintiff seeks reconsideration of the Court's Order regarding completion of Plaintiff's deposition.  (ECF 44.)[1]  The Court will not repeat that Order here, but in summary, the parties had a discovery dispute regarding the completion of Plaintiff's deposition.  (ECF 44 at 3-5.)[2]  Plaintiff's deposition had not been completed despite numerous attempts for a variety of reasons discussed in the Order, including a dispute about it being recorded, Plaintiff needing to take medication, delays from a lack of responsive answers from Plaintiff, and delays from speaking objections by Plaintiff's counsel.  (*Id.* at 2.)

Defendant sought additional time to complete the deposition because Plaintiff's non-responsive answers and Plaintiff's counsel's speaking objections and inappropriate comments consumed significant amounts of time.  (ECF 44 at 3, 5.)[3]  Plaintiff did not refuse to sit for an additional deposition but explained that being deposed is very difficult for her emotionally and requested the scope, time limit, and exhibits be defined in writing in advance.  (*Id.*  5-6.)  The parties disagreed as to whether Defendant's counsel agreed to limit a subsequent session of the deposition to a specific topic and how the last attempt to complete the deposition ended.  (*Id.* at 4.)  Defendant's counsel agreed not to ask Plaintiff questions that had been asked, but also indicated that it could not provide a specific time to complete it because it was not possible to know in advance how much time would be

---

[1] Plaintiff filed Objections to this Order and the assigned district judge denied those objections.  (ECF 45 (Objections), 73 (denying Objections).)

[2] The Court cites the CM/ECF electronic pagination unless otherwise noted.

[3] Defendant also sought to file a motion for sanctions based on this conduct.  (ECF 44 at 1-2 n.1.)  However, the Court determined the best course was to complete the deposition without precluding Defendant from raising issues concerning the deposition after it is complete.  (*Id.*)

1   consumed by non-responsive answers and Plaintiff's counsel's speaking objections and

2   improper dialogue.  (*Id.* at 5.)

3       The Court ordered Plaintiff's deposition to be completed without requiring the

4   topics or exhibits to be provided in advance.  (*Id.* at 6.)  The Order did limit Defendant's

5   questioning to topics and documents not previously covered in prior questioning to the

6   extent Plaintiff had provided responsive answers and also imposed limits on Plaintiff's

7   counsel.  (*Id.* at 6-7.)[4]  It also imposed limits on Plaintiff's counsel's conduct during the

8   deposition to avoid further delays in completion of her deposition.  (*Id.* at 6-7.)

9   Additionally, recognizing it is hard to set a time limit without knowing how much time

10  will be consumed with non-responsive answers and speaking objections, the Court did

11  not impose a specific time limit.  (*Id.* at 6.)  However, the Order indicated that the Court

12  expected that it could be completed within two to three hours if the limits imposed on

13  Plaintiff's counsel's conduct were followed and Defendant only addressed uncovered

14  topics or questions to which Plaintiff was previously unresponsive.  (*Id.* at 7.)

15      The parties agree that in her Objections filed with the assigned district judge, (ECF

16  73), Plaintiff argued Defendant had failed to timely meet and confer to schedule

17  Plaintiff's deposition and seek leave to exceed the seven-hour presumptive limit for

18  depositions.  (ECF 75-1 at 4 (Pl's Motion), 77 at 4 (Def's Opp'n.).)  Plaintiff did not

19  object to the Order based on the absence of a specific time limit that could not be

20  exceeded or a requirement to identify topics in advance.  After Plaintiff's Objections to

21  the Order were denied, (ECF 73), Plaintiff filed this Motion for Reconsideration.

22

23

24

25  [4] In an attempt to avoid more delays, the Court specifically indicated that Plaintiff's
    counsel should not delay the deposition with objections on the basis of these restrictions.
26  (ECF 44 at 6.)  Like Defendant's request to seek sanctions (*see* footnote 3 above), the
    Court indicated any such objection would be considered preserved if Plaintiff sought to
27  file a post-deposition motion.  (*Id.* at 7.)  In preserving both of these issues, the Court is
    not inviting or encouraging the filing of further motions from either party.
28

## III.   DISCUSSION

### A.   Parties' Positions

#### 1.   Plaintiff's Position

Plaintiff's Motion for Reconsideration "requests the Court reconsider its orders and revisit the issue of the time and scope of Plaintiff's deposition." (ECF 75-1 at 5.) Plaintiff seeks "a set time that the deposition cannot exceed" and that the Court "order Defendant to provide the topics for the deposition." (*Id.*)  Plaintiff argues that "Ms. Van Osten is an 'egg shelled' plaintiff with severe emotional and psychological problems that are aggravated each time she is called to recount her experiences at Home Depot." (*Id.*) Plaintiff argues the stress she will experience from the deposition will be lessened if a specific time frame is imposed and she is told the topics she will be questioned about in advance.  (*Id.*)

In arguing the Court should reconsider its decision as to the appropriate limits for Plaintiff's deposition, Plaintiff quotes from excerpts of an expert report produced by Defendant and provided by Dr. Dominic Addario in this case.  Plaintiff stated the following in her brief with quotes from portions of the expert's report:

> Home Depot's expert witness Dr. Dominic Addario issued his expert witness report following his psychiatric examination of the Plaintiff.  *Exhibit 1.* In the section of his report entitled 'Psychological Testing', Dr. Addario reported a MMPI-2 testing score of 75. Dr. Adarrio explained, 'Patients with this profile have significant psychological and emotional difficulties as well as neurotic long-standing problems'. *Id at p 2.* Under the 'MCMI-IV' test Dr. Addario reported: 'She had significant elevations in both anxiety and depression scales'. *Id at* p 3. The 'Self Assessment Psychological Testing results put Ms. Van Osten in 'the moderate to severe range of depressive complaints' and "the severe range of anxious complaints'. *Id at 3.*
>
> Dr. Adarrio concluded that 'Ms. Van Osten has highly significant difficulties based on early traumatizing childhood, characterological disorder, and history of depression. She also admitted to suicidal ideation and behavior in adolescence and earlier emotional difficulties. Although she was certainly stressed by the discharge in employment when having difficulties with such, it appears that she was markedly contributory in her behavior to the series of events that occurred'. *Id at p. 5.* Dr. Addario's letter

4

concluded with a warning regarding the risks of sharing his report with the Plaintiff, as 'severe emotional reactions are often encountered'. *Id at p 6.*

(*Id.* at 2 (quoting excerpts to Ex. 1 to Decl. of Marie Mirch).)

Plaintiff seeks relief under Federal Rule of Civil Procedure 30(d)(3)(B) arguing it "provides that the Court may limit a deposition in scope and manner as provided in Rule 26 which allows limitations on frequency and extent of discovery and allows for orders on the scope and duration as necessary to protect a party from annoyance, embarrassment, oppression, or undue burden." (ECF 75-1 at 4.) Plaintiff argues "the Court must weigh Ms. Van Osten's psychological well-being against Home Depot's right to discovery." (*Id.*)

### 2.    Defendant's Position

Defendant argues Plaintiff waived this objection to the Court's order by failing to raise it within 14 days of the Court's Order as required by Federal Rule of Civil Procedure 72 because the limits Plaintiff seeks now based on Plaintiff's alleged emotional distress were not raised in Plaintiff's Objections to the Court's Order. (ECF 77 at 4.) Defendant also argues Plaintiff has failed to identify new facts, new law, or clear error as required for the Court to reconsider its prior decision. (*Id.* at 5-7.) Defendant asserts the Court has already considered and ruled on the relief requested in the Motion for Reconsideration. (*Id.* at 5.) "Absent highly unusual circumstances, a motion for reconsideration should not be granted 'unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in controlling law." (ECF 77 at 5 (quoting *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

As to the timing of Plaintiff's reliance on Dr. Addario's report, Defendant argues it is not new because it was produced on October 13, 2020, before the parties submitted the October 23, 2020 Joint Letter Brief raising this dispute. (*Id.*) Defendant also argues Plaintiff had failed to provide any explanation why Plaintiff did not raise the report earlier. (*Id.* (citing CivLR 7.1(i)(1)).) As to the substance of Plaintiff's reliance on the

report, Defendant argues Plaintiff's selective citation of limited portions of the report is incomplete, misleading, and takes statements out of context. (*Id.* at 6.)  Defendant asserts that

> Dr. Addario did not conclude that Plaintiff suffers from psychological trauma or that her psychological problems are aggravated each time she is called to recount her experiences at Home Depot.  To the contrary, Dr. Addario opined that he did 'not find a psychiatric disorder or condition as a consequence of Plaintiff's employment at Home Depot,' and Plaintiff's 'feelings of mistreatment would fall within the realm of usual and customary emotional reaction to labor disagreements,' and that he 'did not find the need for psychiatric treatment for her claims.'

(*Id.* at 6.)

Finally, Defendant asserts that the restrictions Plaintiff seeks are not necessary because the Court has already precluded Defendant from examining Plaintiff on topics already covered unless Plaintiff was nonresponsive to specific questions.  (*Id.*)  Defendant also notes the absence of any evidence from Plaintiff that Defendant's questions have been repetitive or that any further limitations are necessary.  (*Id.*)

## B.    Analysis

### 1.    Reconsideration

Plaintiff's Motion for Reconsideration requests the Court reconsider its prior decision regarding Plaintiff's deposition.  Civil Local Rule 7.1.(i), Applications for Reconsideration, sets requirements for any request for reconsideration of a prior order:

> 1. Whenever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part, or has been granted conditionally or on terms, and a subsequent motion or application or petition is made for the same relief in whole or in part upon the same or any alleged different state of facts, it will be the continuing duty of each party and attorney seeking such relief to present to the judge to whom any subsequent application is made an affidavit of a party or witness or certified statement of an attorney setting forth the material facts and circumstances surrounding each prior application, including inter alia: (1) when and to what judge the application was made, (2) what ruling or decision or order was made thereon, and (3)

what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application.

2. Except as may be allowed under Rules 59 and 60 of the Federal Rules of Civil Procedure, any motion or application for reconsideration must be filed within twenty-eight (28) days after the entry of the ruling, order or judgment sought to be reconsidered.

Plaintiff's Motion for Reconsideration does not address the three requirements imposed by subsection one. However, it appears Plaintiff intends to identify the parties' discovery dispute regarding completion of Plaintiff's deposition as to subsection one and this Court's Order (ECF 44) ordering the completion of Plaintiff's deposition and the terms of it as the Order Plaintiff request the Court reconsider as to subsection two. The second is not abundantly clear because Plaintiff's Motion for Reconsideration identified both the undersigned's Order (ECF 44) and the district judge's decision denying Plaintiff's Objections to that Order (ECF 73). (ECF 75 at 1.) However, given the relief Plaintiff seeks in this Motion for Reconsideration concerns the undersigned's decision and the conduct of the deposition and that these particular issues were not raised in the Objections filed with the district judge, the Court concludes Plaintiff is seeking reconsideration of this Court's Order regarding Plaintiff's deposition.[5]

Plaintiff has not complied with subsection three. While Plaintiff points to Dr. Addario's report as new or different facts or circumstances, those facts are not new. As Defendant notes in Opposition, the report was produced to Plaintiff prior to this dispute being raised with the Court, but Plaintiff did not rely on this report until seeking reconsideration. To the extent Plaintiff is relying on the "or were not shown" portion of

---

[5] To the extent Plaintiff intended to seek reconsideration of the district judge's decision denying Plaintiff's Objections, the Court finds Plaintiff has failed to comply with Civil Local Rule 7.1(i)(1)'s requirement to identify the ruling, decision, or order the party requests the Court reconsider. As noted above, the limitations Plaintiff seeks in this Motion for Reconsideration were not raised with the district judge in Plaintiff's Objections and accordingly, the district judge's order did not address them.

1    the rule, Plaintiff has not explained why this information was not shown before.  There

2    might be a reason for this, however, neither Plaintiff's Motion for Reconsideration nor

3    her unauthorized Reply[6] provide any explanation.  This deficiency is even more glaring

4    because Defendant specifically argued Dr. Addario's report could not constitute new

5    facts because the report was provided before this dispute was raised with citation to Civil

6    Local Rule 7.1(i)(1). (ECF 77 at 5.)  Despite Defendant explicitly raising the issue,

7    Plaintiff still did not provide any explanation in Reply for not presenting it earlier.  This

8    alone is a sufficient basis to deny the Motion for Reconsideration.

9          Additionally, Plaintiff has not met the standard commonly applicable to motions

10   for reconsideration.  "Generally, reconsideration of a prior order is 'appropriate if the

11   district court (1) is presented with newly discovered evidence, (2) committed clear error

12   or the initial decision was manifestly unjust, or (3) if there is an intervening change in

13   controlling law.'" *Cooper v. Tokyo Electric Power Company, Inc.*, 166 F.Supp.3d 1103,

14   1116 (S.D. Cal. 2015) (citing *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th

15   Cir. 1993)). Here, Plaintiff has not identified a change in the law or explained how the

16   Court committed clear error or its decision was manifestly unjust.  And, as discussed

17   above, the evidence Plaintiff relies on is not new.

18         The Court concludes Plaintiff has not met the standard for reconsideration because

19   she has failed to identify any new facts or circumstances that could not have been

20   previously submitted to the Court when this issue was initially raised.  Additionally,

21   despite having the issue squarely raised by Defendant, Plaintiff has failed to provide any

22   explanation for not raising Dr. Addario's opinions earlier.

23

24   _____

25   [6] Because Plaintiff violated the undersigned's Chambers Rules in filing the Motion
     without meeting and conferring with opposing counsel and submitting a joint letter brief
26   to the Court's efile account, the Court was unable to attempt to resolve the dispute
     without briefing or set a briefing schedule.  Rather, after Plaintiff improperly filed the
27   Motion, the Court set a deadline for Defendant to file an Opposition.  The Court did not
     authorize Plaintiff to file a Reply.
28

1

### 2. Deposition Limits

2      Although the Court has determined Plaintiff has not met the standard for

3   reconsideration, the Court has also considered Plaintiff's arguments for imposing a

4   specific time limit that cannot be exceeded and requiring Defendant to identify the topics

5   in advance.  Having considered Plaintiff's arguments, the Court still finds these

6   restrictions are largely not justified.

7      As noted above, while Plaintiff did not address any standard for reconsideration,

8   Plaintiff did rely on Rule 30(d)(3)(B) in seeking the imposition of a time limit and

9   advance identification of the topics to lessen the stress on Plaintiff.  Rule 30(d)(3)(B)

10  provides that "the court may order that the deposition be terminated or may limit its

11  scope and manner as provided in Rule 26(c)."  Rule 26(c) provides that "[t]he court may,

12  for good cause, issue an order to protect a party or person from annoyance,

13  embarrassment, oppression, or undue burden or expense."

14     Here, Plaintiff has not established the limitations requested are necessary to protect

15  Plaintiff from annoyance, embarrassment, oppression, or undue burden or expense.

16  Plaintiff does not identify which of these she seeks protection from but based on

17  Plaintiff's argument that the Court should balance Plaintiff's psychological well-being

18  against Defendant's right to discovery, the Court assumes Plaintiff is arguing a need to

19  protect Plaintiff from undue burden or annoyance.

20     Defendant's assertion that the portions of Dr. Addario's report Plaintiff has pieced

21  together, both in her brief and in Exhibit 1, are taken out of context is duly noted.  The

22  Court would agree with Defendant that Plaintiff has identified only the portions of the

23  report that reference psychological and emotional difficulties, anxiety and depression,

24  and emotional reactions and emphasizes Plaintiff's self-reported experiences.  (ECF 75-1

25  at 2 (Motion), 79 at 2 (Reply.)  Plaintiff has only minimally addressed in Reply the

26  portions that find Plaintiff does not have a psychiatric disorder as a consequence of her

27  employment with Defendant and does not need psychiatric treatment for her claims.

28  (ECF 79 at 2.)  Plaintiff argues Dr. Addario's opinion that she does not need treatment for

9

her claims does not negate she suffers emotional distress.  (*Id.*)  Plaintiff does not address the finding "that her feelings of mistreatment would fall within the realm of usual and customary reaction to labor disagreements" despite Defendant arguing Plaintiff's characterizations are misleading on this basis.  (ECF 77 at 6 (Def.'s Opp'n citing ECF 77-3 at 60-61 (Expert Report)); ECF 79 (Pl's Reply).)

However, even if the Court puts aside that this report was created to evaluate Plaintiff for purposes of her claims in this case and that the report in no respect addressed her ability to sit for a deposition or anything similar, Plaintiff has still not justified imposing a specific time limit and requiring provision of the topics in advance based on undue burden.  For purposes of this Motion, the Court is willing to accept that Plaintiff suffers from depression and anxiety and may have emotional reactions to unpleasant topics like her employment with Defendant based on Plaintiff's selected portions of Dr. Addario's report, but there is no evidence indicating not knowing the topics in advance and not knowing a specific time for the deposition is unduly burdensome.  Even accepting these opinions taken out of context, there is still a substantial gap between her suffering these conditions and the need for the restrictions requested.  The only thing filling that substantial gap is Plaintiff's counsel's opinion that it is too burdensome.  (ECF 75-1 at 5 (stress lessened), 79 at 2.)  The Court is not unsympathetic to Plaintiff's concerns, but the Court is not inclined to issue a protective order imposing specific limits on Plaintiff's deposition based on Plaintiff's counsel's opinion that these limitations are necessary to avoid undue burden.

Additionally, there has been no showing that Defendant has conducted Plaintiff's deposition improperly in any respect.  Defendant has a right to depose the Plaintiff fully on all relevant topics and there has been no showing that Defendant has engaged in any improper conduct in deposing Plaintiff.  Defendant pointed out as much in Opposition and Plaintiff did not dispute this in Reply.  (ECF 77 at 6).  There has never been any showing by Plaintiff that Defendant's questioning has been repetitive or otherwise improper.  In this respect, Plaintiff is asking the Court to impose limits under Rules

30(d)(3)(B) and 26(c) on Defendant when Defendant has not engaged in any improper conduct.  On the contrary, as discussed in the Court's prior Order, the extra time is necessary because Plaintiff's deposition has been delayed and extended based on Plaintiff's non-responsive answers and Plaintiff's counsel speaking objections and improper dialogue.  (ECF 44 at 5-6.)  These delays have prevented Defendant from asking questions on all relevant topics.  Even in the Motion for Reconsideration, Plaintiff has not disputed these delays by Plaintiff's counsel or provided the Court any assurance that there would not be further delays by counsel.  This is significant because Plaintiff is asking the Court to revisit the time limit and one of the reasons the Court did not impose a specific time limit was because the Court could not, with any confidence, know that Plaintiff's counsel would not continue to consume deposition time with improper dialogue and speaking objections and further delay completion of Plaintiff's deposition. (*See* II above and ECF 44.)

Although there has been no showing that the topics need to be provided in advance to protect Plaintiff from undue burden, the Court is persuaded that some outside limit on Plaintiff's deposition is appropriate to get Plaintiff's deposition completed.  However, given the discussion above and in the Court's prior Order, the limit itself must have limits.  First, the Court again finds, as it did before, that if counsel for both parties follow the limits imposed, on topics as to Defendant and behavior as to Plaintiff and Plaintiff's counsel, this deposition can be completed in two to three hours and the Court expects it will.  (ECF 44 at 7.)  However, the Court will impose an outside limit of four hours subject to the following requirements.  Counsel for each party must keep track of the amount of time consumed by objections, non-responsive answers, and any breaks taken whether for the benefit of Plaintiff or for counsel to meet and confer.  If the deposition reaches three hours, the parties will take a break from the deposition to meet and confer regarding how the time has been used to evaluate how much is attributable to non-responsive answers and objections.  Given the Court's Order as to the conduct of the deposition, it should be minimal.  If it has been minimal and it continues to be minimal

11

through the final hour, the deposition must end by the four-hour point.  If there have been non-responsive answers or conduct in violation of Rule 30(c)(2) or the Court's prior Order setting further limitations on conduct during the deposition, (ECF 44 at 7), that time should be excluded to determine the remaining time and the deposition should proceed.  *See* Rule 30(c)(2) ("[O]bjections must be stated concisely in an nonargumentative and nonsuggestive manner" that "note[s] it for the record, but the examination proceeds").

## IV.    Sealing Order

On its own motion, the Court orders ECF 75-2 pages 5-11 and 77-3 pages 22-60 be filed under seal.

## V.    CONCLUSION

Plaintiff's Motion for Reconsideration is **GRANTED in part and DENIED in part** as set forth above.  Plaintiff's deposition must be completed by **May 21, 2021** and shall be conducted in compliance with the Court's prior Order as modified above.

**IT IS SO ORDERED.**

Dated:  May 7, 2021

Hon. Bernard G. Skomal
United States Magistrate Judge